1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

ANGELA SECO,

                    Plaintiff,

     v.

HOMESTEAD APARTMENTS, et al.,

                    Defendants.

CASE NO. 2:24-cv-01118-LK

ORDER TO SHOW CAUSE

16

17

18

19

20

     This matter comes before the Court sua sponte. On July 25, 2024, "Legal Representative" Pervenia "Pear" Brown initiated this case purporting to represent Plaintiff Angela Seco. *See* Dkt. No. 1 at 1, 14; Dkt. No. 1-1 at 1. However, it appears that Ms. Brown is not authorized to practice law in this state or in this Court. Therefore, Ms. Brown is ORDERED TO SHOW CAUSE why the complaint should not be stricken and this matter dismissed.

21

22

23

24

     Although a non-attorney may appear pro se on her own behalf, a non-attorney "has no authority to appear as an attorney for others than h[er]self." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must

1  be signed by at least one attorney of record in the attorney's name—or by a party personally if the

2  party is unrepresented."). Ms. Brown designated herself as "legal representative" for Ms. Seco in

3  the civil cover sheet and the complaint. Dkt. No. 1 at 1, 14; Dkt. No. 1-1 at 1. But she does not

4  include a state bar number in her signature block, has not been admitted to practice pro hac vice,

5  and is not included in the Washington State Bar's database of individuals authorized to practice

6  law in the state. *See* LCR 83.1; Washington State Bar Association Legal Directory,

7  https://www.mywsba.org/personifyebusiness/LegalDirectory.aspx.[1] Importantly, the "unlawful

8  practice of law" is a crime under Section 2.48.180 of the Revised Code of Washington. A

9  nonlawyer engages in the unlawful practice of law when she "practices law, or holds . . . herself

10 out as entitled to practice law." Wash. Rev. Code § 2.48.180(2)(a). Washington State Court

11 General Rule 25(b)(3) authorizes the Washington State Practice of Law Board to review

12 complaints alleging the unauthorized practice of law and to refer complaints alleging harm to the

13 public interest to appropriate enforcement agencies.

14     Courts have an interest in "protect[ing] the public from the activity of those who, because

15 of lack of professional skills, may cause injury whether they are members of the bar or persons

16 never qualified for or admitted to the bar.'" *Bennion, Van Camp, Hagen & Ruhl v. Kassler Escrow,*

17 *Inc.*, 635 P.2d 730, 733 (Wash. 1981) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav.*

18 *& Loan Ass'n*, 586 P.2d 870, 878 (Wash. 1978)). Accordingly, courts generally strike and/or

19 dismiss complaints filed by individuals engaged in the unauthorized practice of law, and may also

20 refer such individuals to appropriate governing bodies. *See, e.g.*, *Landon v. Ply-Gem Windows*,

21 No. C23-1747-JLR, Dkt. No. 20 at 2 (W.D. Wash. March 21, 2024) (striking complaint written by

22 nonlawyer); *Landon*, 2024 WL 3069479, at *3–6 (W.D. Wash. June 20, 2024) (dismissing with

23

24 [1] This Directory includes limited license legal technicians and limited practice officers.

ORDER TO SHOW CAUSE - 2

prejudice amended complaint written by nonlawyer); *Hicks v. Dir. of Navos*, No. 2:23-CV-01243-JLR-BAT, 2023 WL 6609592, at *1 (W.D. Wash. Sept. 22, 2023) (recommending dismissal of complaint filed by non-attorney), *report and recommendation adopted*, 2023 WL 6599860 (W.D. Wash. Oct. 10, 2023) (dismissing complaint); *Spicuzza v. Liss Fin. Servs.*, No. C06-1244-JLR, 2006 WL 3064947, at *1 (W.D. Wash. Oct. 26, 2006) (cautioning that if nonlawyer "submit[ted] further filings on behalf of [plaintiff], the court will issue monetary sanctions against him personally and refer him to the Washington State Bar Association for engaging in the unauthorized practice of law"); *see also Brandon v. Strange*, No. 3:24-CV-05399-DGE-TLF, 2024 WL 3372832, at *1 (W.D. Wash. July 11, 2024) (ordering plaintiff "not to file any motions, pleadings, or other legal documents with the Court that are signed by a representative who is a non-lawyer").

Accordingly, within 21 days of the date of this Order, Ms. Brown is ORDERED TO SHOW CAUSE why the complaint should not be stricken and this case dismissed.

The Clerk of Court is directed to mail a copy of this Order to Ms. Seco and Ms. Brown at their last known addresses.

Dated this 29th day of July, 2024.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3