UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA SECO, | CASE NO. 2:24-cv-01118-LK |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| HOMESTEAD APARTMENTS, et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On August 2, 2024, pro se Plaintiff Angela Seco filed a complaint alleging several non-federal causes of action arising out of an apartment rental contract. *See* Dkt. No. 8 at 1, 10–14; Dkt. No. 9 at 1. However, because Ms. Seco fails to allege subject matter jurisdiction, the Court must dismiss her complaint. If she intends to pursue this action, she must file an amended complaint curing the jurisdictional deficiencies identified herein by September 6, 2024.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court "ha[s] an independent obligation to determine whether subject-matter

ORDER DISMISSING COMPLAINT - 1

jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

Ms. Seco's civil cover sheet indicates that federal subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332. Dkt. No. 9 at 1. Section 1332(a)(1), commonly referred to as "diversity jurisdiction," requires that the amount in controversy exceed $75,000 and that the dispute be between citizens of different states. The latter requirement demands complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Because Ms. Seco alleges that she is a citizen of Washington and brings this action against Defendants who she alleges are also citizens of Washington, she fails to establish subject matter jurisdiction under Section 1332. *See* Dkt. No. 8 at 1–2.

Likewise, because Ms. Seco's complaint alleges only non-federal claims, *id.* at 10–14, she fails to provide a basis for the Court to exercise jurisdiction under 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

For the foregoing reasons, the Court DISMISSES Ms. Seco's complaint without prejudice and with leave to amend by September 6, 2024. Ms. Seco's amended complaint must be filed and signed by herself or an attorney, and must provide a basis for the Court to exercise subject matter

jurisdiction over her claims. Absent the inclusion of a federal cause of action, the Court notes that amendment would appear futile based on the alleged citizenship of the relevant parties.

In addition, a timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Seco's believes support each claim, and the specific relief requested. If Ms. Seco does not file a proper amended complaint by September 6, 2024, the Court will direct the Clerk to close this matter.

The Clerk of Court is directed to mail a copy of this Order to Ms. Seco at her last known address.

Dated this 7th day of August, 2024.

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT - 3